■ In the Matter of the Claim of WALTER T. MIODUCKI, Respondent, v. HERBERT BURMAN, INC., et al., Appellants, and MANHATTAN CASUALTY CO., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the State Insurance Fund from a decision of the Workmen's Compensation Board charging it with the payment of an award made to claimant neither whose right thereto nor the amount of which is questioned. The sole issue presented is whether the board should have apportioned the award between two carriers. The facts are not in dispute. A policy of workmen's compensation insurance issued by respondent, Manhattan Casualty Company, was in force on August 25, 1960 on which date appellant also issued its binder to the employer. On August 31, 1960 the former served an appropriate notice of cancellation of its contract of insurance effective September 11, 1960. The accidental injury which gave rise to the award occurred on September 9, 1960. Subdivision 5 of section 54 of the Workmen's Compensation Law in part provides: "No contract of insurance issued by an insurance carrier against liability arising under this chapter shall be cancelled within the time limited in such contract for its expiration until at least ten days after a notice of cancellation of such contract, on a date specified

in such notice, shall be filed in the office of the chairman and also served on the employer; provided, however, that if the employer has secured insurance with another insurance carrier which becomes effective prior to the expiration of the time stated in such notice, the cancellation shall be effective as of the date of such other coverage." The board found that the service of the notice of cancellation by Manhattan Casualty Company on August 31, 1960 advanced the cancellation date of its policy to the date on which the binder issued by the State Insurance Fund became effective and held that, since the accident occurred within the period after notice had been given and before its effective date was reached, the latter was solely liable for the payment of the award. Thus the board correctly discerned the purpose and intent of the statute and applied properly its provisions to the facts in the case at bar. Our decisions in *Matter of Feely* v. *Eagle Plastics Corp.* (266 App. Div. 926, motion for leave to appeal denied 291 N. Y. 828) and *Matter of Horn* v. *Malchoff* (276 App. Div. 683, motion for leave to appeal denied 301 N. Y. 814) in which we affirmed board findings of dual liability because the cancellation process was not instituted until after the accidental injury had been incurred are not to the contrary. In both we indicated that had the instant factual context obtained, the saving clause of the statute would have operated to relieve the original insurer of liability. Decision and award unanimously affirmed, with costs to the Manhattan Casualty Company. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.